JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
ALEC WARD, DISTRICT OF COLUMBIA BAR NO. 1781142
TRIAL ATTORNEY
CIVIL RIGHTS DIVISION
950 PENNSYLVANIA AVENUE
WASHINGTON, DISTRICT OF COLUMBIA 20530

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW ALAN LEHIGH,<br><br>Defendant. | Case No. 1:23-cr-00012-BLW<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION CONTINUE DETENTION HEARING** |

The government respectfully requests that this Court deny the defendant's motion to continue his detention hearing for an additional twenty days. Holding the defendant on a temporary detention order for such a lengthy period (a total of 27 calendar days since his arraignment) would violate the Bail Reform Act, 18 U.S.C. § 3142 *et seq.*, and could risk offending due process principles.

**Response to Motion to Continue Detention Hearing—1**

As the defendant notes, the Bail Reform Act provides that a person whom the government seeks to detain pending trial may, upon the government's motion for detention, request to continue the hearing thereupon for five days. 18 U.S.C. § 3142(f). Any additional continuance by the defendant requires a showing of good cause. *Id.* Interpreting this statute, the Ninth Circuit has emphasized that the Bail Reform Act's timelines are rigid, and not to be lightly set aside. *See United States v. Al-Azzawy*, 768 F.2d 1141, 1145 (9th Cir. 1985) (abrogated on other grounds by *United States v. Montalvo-Murillo*, 495 U.S. 711 (1990)) ("The Bail Reform Act does not permit a waiver of time requirements by the defendant. Congress, therefore, must have intended enforcement to be at least as strict as that under the Speedy Trial Act, where waiver by the defendant is permitted.")

Here, in a motion filed on the fourth day of his five-day statutory continuance period, the defendant asserted three reasons why good cause exists to continue the detention hearing an additional twenty days beyond the five days directed by the statute:

1. To give the defense an opportunity to develop a release plan that includes additional intensive mental health treatment;
2. To give defense counsel more time to review discovery; and
3. To provide an opportunity to conduct an independent investigation of the defendant's mental health status and history.

None of these rationales supplies the good cause to overcome the Bail Reform Act's default statutory timeframe.

First, the defendant requests a continuance so that he may "develop a potential release plan" to include intensive inpatient mental health treatment. This request does not supply cause to delay the detention hearing, because it inescapably raises the very issue a detention hearing is meant to resolve—whether or not a set of release conditions currently exists that

**Response to Motion to Continue Detention Hearing—2**

would ensure public safety. Defendant proposes, in his motion and the exhibit attached thereto, that inpatient treatment at a mental health treatment facility would be sufficient to permit his release pending trial. This is precisely the kind of assertion that the Court would inquire into at a detention hearing. Whether or not there is a facility that can accept Mr. Lehigh and adheres to sufficient security protocols to act as a *de facto* third-party custodian for a defendant accused of a serious violent crime is exactly the kind of fact-finding that the court would need to hold a detention hearing to make. If no such facility now exists, that would weigh in favor of detention.

If such a facility is identified in the future and agrees to act as a third-party custodian while providing inpatient treatment, that would constitute information unavailable at the time of the detention hearing. Pursuant to the Bail Reform Act, a detainee may file a motion to reopen detention when a fact unknown to the detainee is material to the determination. 18 U.S.C. § 3142(f). These new facts must also be material facts "bearing on the issue[s]" pertaining to the reasonable assurance that the defendant will appear in court and the safety of "any other person and the community." *Id.* Section 3142(f) is strictly construed: detention "hearings should not be reopened if the evidence was available at the time of the initial hearing." *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Cal. 1999). Here, the time needed to find such a hypothetical mental-health facility does not supply a reason to defer making an inquiry as to the defendant's present suitability for pretrial release in the first place. The Bail Reform Act clearly identifies when the release inquiry is to be made—not later than five days after the defendant's initial appearance in court.

Second, the defendant posits that the volume of discovery provides reason to continue the detention hearing. Substantial discovery is not unique to this case, and the government's

**Response to Motion to Continue Detention Hearing—3**

Motion for Pretrial Detention described, identified, and provided the evidence upon which the government's request for pretrial detention is based. *See* Motion for Detention, ECF No. 7. The government does not intend to argue for detention based upon facts not identified in its Motion. Moreover, the government notes that this Court's Criminal Process Order provides 14 days from the date of arraignment for the government and defendant to meet and confer regarding a timeline for Rule 16 disclosures, clearly contemplating that discovery will not ordinarily be complete within the five-day continuance period established by the Bail Reform Act. The Act's presumptive timeline for an initial detention determination should not be set aside simply because the government elected to provide early discovery in this matter.

Finally, the defendant asserts a need for time to conduct an independent investigation of facts relevant to his mental condition. This rationale is also incongruous with the Bail Reform Act's intended operation. Section 3142(f) specifically provides that a detention hearing may be *reopened* (not *delayed*) if the detained person becomes aware—through independent investigation or any other means—of information that was not known to him when the hearing was first held. The statute does not provide—as, for instance, the Speedy Trial Act does—for delay of a hearing date to provide the parties additional time for investigation and preparation. By setting the presumptive time for a detention hearing at not more than five days from a criminal defendant's first appearance in court, the Act surely contemplates that a comprehensive independent investigation of the case will not typically precede the initial determination of pretrial release.

Additionally, the government is concerned that, under Ninth Circuit precedent, keeping the defendant in custody for an additional twenty days based on a temporary detention order would risk offending the due process principles that the Bail Reform Act is

**Response to Motion to Continue Detention Hearing—4**

intended to safeguard. As the Ninth Circuit recognized in *Al-Awazzy*, the Act's requirements are generally treated as necessary for due process. 768 F.2d at 1145 (finding that a delay of "nearly a month," without a specific finding of good cause violated § 3142(f), despite defendant's consent to a portion of the delay).

Accordingly, the government requests that the Court reset a detention hearing in this matter as soon as practicable. Should the defendant wish to reopen the hearing at a later date on the basis of new information learned or then-existing possibilities for third-party custody at an inpatient treatment facility, the government will not oppose such reopening (though will reserve its right to litigate the sufficiency of any proposed non-detention arrangements).

Respectfully submitted this 16th day of February, 2023.

JOSHUA D. HURWIT
United States Attorney

By: */s/ Katherine Horwitz*
KATHERINE HORWITZ
Assistant United States Attorney

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Alec C. Ward*
ALEC C. WARD
Trial Attorney
Civil Rights Division, Criminal Section

**Response to Motion to Continue Detention Hearing—5**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2023, the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE DETENTION HEARING** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Mark Ackley<br>702 W. Idaho Street<br>Boise, ID 83702 | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

/s/ *Katherine Horwitz*
Katherine Horwitz
Assistant United States Attorney

**Response to Motion to Continue Detention Hearing—6**