# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW ALAN LEHIGH,<br><br>Defendant. | Case No.: 1:23-cr-00012-BLW<br><br>**ORDER RE: DEFENDANT'S MOTION TO CONTINUE DETENTION HEARING**<br><br>**(Dkt. 15)** |

Before the Court is Defendant's Motion to Continue Detention Hearing (Dkt. 15). Defendant requests a 20-day continuance of the originally-scheduled February 16, 2023 detention hearing. The Government opposes Defendant's request, arguing that it (i) violates the Bail Reform Act, and (ii) could risk offending due process principles. Because good cause exists for the requested continuance, Defendant's Motion is granted.

## DISCUSSION

18 U.S.C. § 3142(f)(2) requires that the hearing for indefinite pretrial detention be held "immediately upon the person's first appearance before the judicial officer" and that continuances of more than five days on motion of the person or three days on motion of the government be for good cause. In this context, "good cause" may be established by showing that additional time is "necessary for preparation." *United States v. Al-Azzawy*, 768 F.2d 1141, 1146 (9th Cir. 1985).

Here, Defendant argues that additional time is needed for counsel to be adequately prepared for the detention hearing. Def.'s Mot. at 2 (Dkt. 15). According to Defendant, such preparation includes: (i) the development of a potential release plan that includes an element of in-patient mental health monitoring and/or treatment; (ii) a meaningful opportunity to review

**ORDER - 1**

over 17,000 pages of discovery recently disclosed by the Government (at least as it pertains to the relevant 18 U.S.C. § 3142(g) factors);[1] and (iii) a meaningful opportunity to conduct an independent investigation relating to Defendant's mental condition in order to rebut the Government's claim that "[D]efendant suffers from mental illness that he has historically refused to treat." *Id*. at 2-3 (quoting Gov't Mot. for Pre-Trial Detention at 9 (Dkt. 7)).

The Government counters that none of these rationales supplies the good cause to overcome the Bail Reform Act's default statutory timeframe. It submits that (i) detention hearings are meant to address and resolve the sufficiency of release plans to begin with and that, if no such plan now exists, detention is warranted at the outset; (ii) substantial discovery is not unique to this case and it does not intend to argue for detention based upon facts not already identified within its Motion for Pre-Trial Detention; and (iii) the Bail Reform Act specifically provides that a detention hearing may be reopened in any event, upon the subsequent discovery of new information. Gov't Resp. to Mot. at 2-4 (Dkt. 18). The Government additionally implies that a continuance might jeopardize Defendant's due process protections that the Bail Reform Act is intended to safeguard. *Id*. at 4-5. These arguments are not persuasive.

It bears repeating that, while the Bail Reform Act's timelines are firm and cannot be waived (*see Al-Azzawy*, 768 F.2d at 1145), the good cause needed to briefly continue a detention hearing is not a particularly high standard. Indeed, the Ninth Circuit in *Al-Azzawy* instructs that good cause for a continuance exists when additional time "is in fact necessary for preparation." *Id*. at 1146. There, the court held that a continuance to suit defense counsel's schedule, or to allow a court additional time to review the briefing, does not rise to this standard and is therefore

---

[1] This includes, but is not limited to, (i) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; and (ii) Defendant's "history and characteristics," most notably his "mental condition." Def.'s Mot. at 3 & n.2 (quoting 18 U.S.C. §§ 3142(g)(1) & (2)(A)).

**ORDER - 2**

not a continuance for good cause. *Id*. ("The liberty interests of the individual who has yet to be tried should not be subordinated to scheduling problems of counsel or the court."). In contrast, here, Defendant's reasons for continuing his detention hearing are more personal to him and speak substantively to his ability to be prepared and fully confront the Government's arguments for pre-trial detention. These reasons constitute good cause under the Bail Reform Act and *Al-Azzawy*. Finally, the relatively short continuance – approximately 20 days – is an appropriate request given the good cause shown.

It is not unexpected that the Government disagrees with the merits of those reasons or alternatively suggests that their import be taken up at a later time during a reopened detention hearing. But these arguments miss the point. They largely ignore Defendant's claimed need for more time. Further, reasons that may eventually justify reopening a detention hearing may also constitute the good cause required to continue a detention hearing in the first instance. They are not mutually exclusive.

Thus, against the good cause standard, the Court finds that the reasons proffered by Defendant to continue his detention hearing amount to good cause for doing so. Additional time is necessary to ensure that Defendant receives effective assistance of counsel during this critical stage of the proceedings.

///
///
///
///
///
///
///

**ORDER - 3**

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Continue Detention Hearing (Dkt. 15) is GRANTED for a period not to exceed 20 days from the originally-scheduled February 16, 2023 detention hearing. During the continuance, Defendant shall remain detained.

DATED: February 21, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge